UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| LEO VESPI, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:12-cv-858 |
| | ) |
| v. | )   Honorable Robert Holmes Bell |
| | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., et al., | )   **REPORT AND RECOMMENDATION** |
| | ) |
| Defendants. | ) |
| | ) |

This is a quiet title action brought by a mortgagor of real property located in Kent County, Michigan. Defendants are Mortgage Electronic Registration Systems, Inc. (MERS), Bank of America, N.A. (successor by merger to BAC Home Loans, LP), and Randall S. Miller, the Michigan attorney who handled the foreclosure by advertisement on plaintiff's real property, as well as Mr. Miller's law firm.

Plaintiff began this action by filing a *pro se* complaint in the Kent County Circuit Court on July 19, 2012. On August 16, 2012, defendants Bank of America, N.A. and MERS filed a notice of removal to this court. The notice of removal predicated district court jurisdiction on two bases. First, the removing defendants alleged that jurisdiction exists under 28 U.S.C. § 1332(a), on the basis of complete diversity of citizenship and requisite amount in controversy. The removal notice argued that defendants Randall S. Miller & Associates, P.C. and Randall S. Miller, who share Michigan citizenship with plaintiff, were fraudulently joined as defendants and therefore should not

defeat diversity jurisdiction. Second, the removing defendants asserted that federal-question jurisdiction exists under 28 U.S.C. § 1331, by virtue of plaintiff's mention in the caption of his complaint and again in the *ad damnum* clause of the federal Real Estate Settlement Procedures Act (RESPA) and the federal Truth-In-Lending Act (TILA), even though the body of the complaint alleges no violation of these statutes.

Defendants Bank of America and MERS have moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Motion, docket # 13). Plaintiff has submitted a response to the motion, as well as his own motion to remand. (docket # 18). By order entered August 23, 2012, Judge Robert Holmes Bell has referred this case to me for all pretrial purposes, including the issuance of a report and recommendation on dispositive motions. (docket # 6). Upon review of the submissions of the parties, I conclude that this case falls within the diversity jurisdiction of the district court. 28 U.S.C. § 1332(a). Plaintiff's motion to remand should therefore be denied. I further conclude that the complaint fails to state a claim upon which relief can be granted against either of the moving defendants. I therefore recommend that their motion to dismiss be granted.

## Discussion

### I.  Motion to Remand

Removals of civil actions from federal court are governed by 28 U.S.C. §§ 1441-1454. Under the provisions of section 1441(a), any civil action brought in a state court over which the district courts have original jurisdiction may be removed by defendants. Under the plain language of the statute, a state-court action that originally could have been brought in federal court

may be removed to federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In general, two kinds of civil actions may be brought in federal court. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between parties of diverse citizenship, where at least $75,000 is in controversy, exclusive of interest and costs. Defendants have invoked both grounds for jurisdiction in their removal petition.

The district court's jurisdiction under section 1331 is sometimes called "federal-question jurisdiction." In determining whether a complaint arises under federal law and therefore poses a federal question, the court applies the well-pleaded complaint rule. *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). Under this rule, federal jurisdiction exists when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 392. The Supreme Court has identified three situations in which a case could "arise under" federal law: (1) plaintiff's cause of action is created by federal law; (2) "some substantial, disputed question of federal law is a necessary element . . . of the well-pleaded state claim;" or (3) the claim is "really" one of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9, 13 (1983). Plaintiff's complaint fails to meet this test. No federal question is apparent on the face of plaintiff's "well-pleaded" complaint. Rather, plaintiff has mentioned the initials of two federal statutes in the caption of his complaint and in the *ad damnum* clause, but has failed to allege any facts raising a plausible claim. Such vague allegations fail to state any substantial federal claim. The court lacks federal-question jurisdiction over claims that are "wholly insubstantial and frivolous" even if they purport to be federal claims. *See Bell v. Hood*, 327

U.S. 678, 682 (1946); *accord United States v. State of Mich.*, 851 F.2d 803, 805 (6th Cir. 1988). Merely mentioning a federal statute in the caption of the complaint alleges no non-frivolous claim and is insufficient to create federal-question jurisdiction.

The removing defendants also rely on the existence of diversity jurisdiction under 28 U.S.C. § 1332. In general, there must be "complete diversity" of citizenship between the parties. Under this rule, no plaintiff may be a citizen of the same state as any defendant. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). The removal notice establishes that plaintiff is a citizen of the State of Michigan, that defendant Bank of America is a citizen of the State of North Carolina, and that defendant MERS is a citizen of the States of Delaware and Virginia. Defendants Randall S. Miller & Associates and Randall S. Miller, however, are citizens of the State of Michigan. Thus, on the face of things, complete diversity of citizenship does not exist.

The removing parties rely, however, on the fraudulent joinder rule. Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). A defendant is fraudulently joined if it is clear that there could be no recovery under state law on the claim alleged or on the facts in view of the law. *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012). The relevant inquiry is whether there is "a colorable basis for predicting that a plaintiff may recover." *Id.* at 433. The removing party bears the burden of demonstrating fraudulent joinder. *Id.* In determining this question, the court is not limited to pleadings and may consider all the evidence in the record, including affidavits. *Id.*

The only claim pleaded in the complaint is one to quiet title to a piece of Michigan real estate. Quiet title actions are governed by the Revised Judicature Act of 1961, which allows any

person claiming a right, title or interest in land to bring a civil action "against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." MICH. COMP. LAWS § 600.2932(1). The Miller law firm and Mr. Miller represented the servicer of plaintiff's mortgage loan, Bank of America. According to the affidavit of Mr. Miller, their role was limited to acting as counsel for the Bank. The complaint does not allege that either the Miller firm or Mr. Miller claim any interest in the subject real estate. These defendants therefore have no conceivable place in a quiet title action, as they claim no interest in the real estate.

To the extent that plaintiff seeks damages against these defendants on some unpleaded theory, the result remains the same. The federal courts of this State have consistently rejected claims by mortgagors against law firms representing mortgage companies in cases alleging wrongful foreclosure. *See, e.g., Estate of Malloy v. PNC Bank*, No. 11-12922, 2011 WL 4485088, at * 1 (E.D. Mich. Sept. 27, 2011) (law firm fraudulently joined in action challenging foreclosure); *accord Conlon v. MERS*, No. 11-15352, 2011 WL 6440705, at * 1 (E.D. Mich. Dec. 16, 2011). ("In cases challenging mortgage foreclosures such as this one, a plaintiff does not have a cause of action against foreclosure counsel, who serves as an agent for the bank."). These cases are a specific application of the general rule of Michigan law that a party has no claim against the attorney representing his opponent, as the attorney owes plaintiff no duty. *See Lyons v. Trott & Trott*, No. 12-12182, ___ F. Supp. 2d ___, 2012 WL 5301039, at * 5 (E.D. Mich. Oct. 25, 2012); *Edwards v. Standard Federal Bank, N.A.*, No. 08-12146, 2009 WL 92157, at * 3 (E.D. Mich. Jan. 14, 2009).

On the foregoing basis, I conclude that defendants Randall S. Miller and the Miller firm have been fraudulently joined as defendants and that plaintiff has no conceivable claim against them. Their citizenship must therefore be ignored for purposes of determining the existence of

diversity jurisdiction. Plaintiff is of diverse citizenship from the remaining defendants, and he does not dispute that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. This court therefore has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a). I recommend that the motion to remand be denied.

### II.     Motion to Dismiss

#### A.     Applicable Standard

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

In deciding motions to dismiss under Rule 12(b)(6), the court is generally limited to examination of the complaint alone. Nevertheless, the court may also take into account exhibits to the complaint, FED. R. CIV. P. 10(c), as well as documents referred to in the complaint but not attached, and matters of public record. Thus, the court may refer to documents attached to or referred to in plaintiff's complaint, as well as the matters of public record appended to defendants'

motion. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (publicly filed records); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (document referred to but not attached to complaint); *QQC v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (same).

      B.      <u>Allegations of Fact</u>

Plaintiff's complaint, and related documents, disclose the following. On October 10, 2005, plaintiff, Leo Vespi, signed an adjustable rate note in the principal amount of $352,700.00, payable to Countrywide Bank, N.A. (Promissory Note, docket # 14-2). The note was secured by a mortgage executed by plaintiff and his wife Michelle, husband and wife, encumbering real property known as 8078 Tipperary Trail, S.E., Alto, Michigan. The mortgagee was defendant MERS "acting solely as a nominee for Lender and Lender's successors and assigns." (Mortgage, docket # 14-3). The Lender was identified as Countrywide Bank, N.A. Countrywide was later acquired by Bank of America. By assignment of mortgage dated June 18, 2010, MERS, as nominee for Countrywide Bank, N.A., assigned the mortgage to BAC Home Loans Servicing, LP, a subsidiary of Bank of America. (Assignment of Mortgage, docket # 14-4).

Plaintiff defaulted on payments under the promissory note. Bank of America began foreclosure by advertisement proceedings by posting notice on the subject property and by placing notices in the Grand Rapids Legal News. (*See* Affidavit of Publication, docket # 14-5). The Kent County Sheriff conducted an auction and issued a sheriff's deed on December 7, 2011. (*Id.* at ID# 163). The sheriff's deed discloses that counsel for the foreclosing party was attorney Randall S. Miller of Randall S. Miller & Associates, P.C.

The six-month redemption period under Michigan law expired on June 7, 2012. Plaintiff does not allege any efforts to redeem during this period. On July 19, 2012, plaintiff filed the present *pro se* complaint in the Kent County Circuit Court. The complaint seeks to set aside the foreclosure sale on three grounds. Count 1 asserts that Bank of America lacks standing to foreclose because the original promissory note and the mortgage securing the note had been "disjoined": the note was in favor of the Bank while the mortgage was in favor of MERS. Count 2 alleges that the sheriff's sale is void because the Miller law firm should have known that MERS lacked legal authority to hold or transfer any interest in a mortgage. Count 3 asserts that the sheriff's deed was invalid because plaintiff was "the victim of predatory lending practices, misdirection and fraud." (Compl. ¶ 52). Defendants' motion to dismiss challenges the legal validity of plaintiff's complaint on a number of grounds. It is necessary to address only three of those grounds for present purposes.

    C.    Analysis

        1.    Count I

In count I, plaintiff asserts that the mortgage was void *ab initio*, because it was written in favor of MERS, while the note was in favor of Bank of America's predecessor in interest, Countrywide Mortgage. This challenge to the validity of the mortgage is frivolous. MERS is a commercial company that provides to lenders a mortgage recording service. Mortgage lenders hire MERS to act as their nominee for mortgages, "which allows the lenders to trade the mortgage note and servicing rights. . . . The lender can then sell that note and servicing rights on the market and MERS records each transaction electronically on its files. When the mortgage loan is repaid, MERS, as agent grantor, conveys the property to the borrower. MERS represents that this system saves the

lender and the consumer the transaction costs that would be associated with manually recording every transaction." *Mortg. Elec. Regis. Sys, Inc. v. Nebraska Dep't of Banking and Fin.,* 704 N.W.2d 784, 787 (Neb. 2005). Over the twenty years that MERS has existed, borrowers who default on their loan obligations have attempted, without success, to attack the validity of the mortgage based on the involvement of MERS.

Plaintiff in the present case takes a page from this now soundly repudiated play book. Reprising a common claim, he asserts that the separation of the debt from the security at the time of its creation rendered the transaction void *ab initio.* This argument is based on a misunderstanding of the general legal principle that a promissory note and the mortgage securing that note are "inseparable," and that one cannot be assigned without the other. *See, e.g., Kirby Lumber Corp. v. Williams,* 230 F.2d 330, 333 (5th Cir. 1956) (applying Texas law); *Yorke v. Citibank, N.A. (In re BNT Terminals),* 125 B.R. 963, 970 (Bankr. N.D. Ill. 1990) ("It is axiomatic that any attempt to assign the mortgage without transfer of the debt will not pass the mortgagee's interest to the assignee.") (applying Illinois law). The courts have uniformly held, however, that this "separation" argument is unavailing to mortgagors trying to invalidate a mortgage written in favor of MERS, for the simple reason that there is no separation of the debt from the security. The debt is held by the lender, and the security is held by the lender's nominee, MERS, as the lender's agent. The most thorough and cogent analysis of this issue is provided in *Bank of N.Y. v. Raftogianis,* 13 A.3d 435, 447-50 (N.J. Super. Ch. 2010), in which the Chancellor characterizes an argument identical to that of Mr. Vespi as "creative, but not convincing." 13 A.3d at 448. Numerous other cases have rejected attempts to invalidate MERS mortgages on this theory. *See, e.g., Jones v. Bank of Am.*, No. 12-11608, 2012 WL 5412236, at * 3 (E.D. Mich. Nov. 6, 2012) (collecting cases); *Jada v. Wells Fargo*

*Bank, N.A.*, No. CV-10-2164, 2011 WL 3267330, at * 3 (D. Ariz. July. 29, 2011) ( "Therefore MERS can only exercise its rights as beneficiary under the deed of trust for the benefit of either the original lender or its subsequent successors and assigns. To the extent it does so, the beneficial interest in the deed of trust has not been separated from the lender or its successors, and no assignment by MERS is invalid."); *Silving v. Wells Fargo Bank, N.A.,* 800 F. Supp. 2d 1055, 1067-68 (D. Ariz. 2011); *Suss v. JP Morgan Chase Bank, N.A.,* No. WMN-09-1627, 2010 WL 2733097, at * 5 (D. Md. July 9, 2010) ("As to Plaintiff's criticism of MERS, courts that have considered the issue have found that the system of recordation is proper and assignments made through that system are valid.") (collecting cases). Late last year, the Michigan Supreme Court joined this impressive body of authority by rejecting, in a summary order, a challenge to foreclosure by advertisement that was based on the involvement of MERS as the nominal mortgagee. *Residential Funding Co. v. Saurman*, 805 N.W.2d 183 (Mich. 2011); *accord Hargrow v. Wells Fargo Bank N.A.*, No. 11-1806, 2012 WL 2552805, at * 2-3 (6th Cir. July 3, 2012); *Yuille v. Am. Home Mortg. Servs., Inc.*, No. 10-2564, 2012 WL 1914056, at * 2 (6th Cir. May 29, 2012).

Count I has no arguable basis in law. Plaintiff's challenge to the mortgage is based on a fundamental misunderstanding of the law and must be rejected.

2.  Count II

Count II seeks to void the sheriff's sale on the ground that those conducting the sale knew or should have known that the assignment of mortgage from MERS to BAC Home Loans, LP was invalid, because MERS "was not, nor could be, a real party in interest." (Compl., ¶ 46). This argument is merely a representation of the claim asserted in count I premised on the inarguable legal concept that MERS is incapable of holding an interest in a mortgage. The myriad cases cited in the previous section reject any such conclusion. Furthermore, courts have unanimously rejected any argument that MERS somehow lacks the ability to assign a mortgage. *See, e.g., Mitchell v. Mortgage Electronic Registration Sys., Inc.*, No. 1:11-cv-425, 2012 WL 1094671, at * 3 (W.D. Mich. Mar. 30, 2012) (Bell, J.) (collecting cases).

Count II, which is based on the inarguable premise that MERS lacks the legal capacity to hold or assign an interest in a mortgage, fails to state a claim upon which relief can be granted.

3.  Count III

Count III seeks to set aside the sheriff's deed on the ground that plaintiff was the victim of "predatory lending practices, misdirection and fraud." (Compl. ¶ 52). Beyond hurling this accusation, plaintiff pleads no facts to support a claim of fraud, predatory lending practices, or misdirection.

By virtue of Michigan statute, plaintiff had a six-month period after the sheriff's sale in which to redeem the real estate. MICH. COMP. LAWS § 600.3240(8). The statutory redemption period expired on June 7, 2012, without action by plaintiff. After the expiration of the redemption period, all right, title and interest in the property vest in the purchaser at the sheriff's sale. MICH.

COMP. LAWS § 600.3236; *see Horton v. Aurora Bank FSB*, No. 1:12-cv-365, 2012 WL 3307451, at * 2 (W.D. Mich. Aug. 13, 2012) (collecting cases).  Plaintiff therefore has no interest in the real estate sufficient to support a quiet title action.  *See Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 917-18 (E.D. Mich. 2012) (collecting cases).

After the expiration of the redemption period, a mortgagee may sue for relief from the sale, but must show a "strong case of fraud or irregularity" in order to upset the mortgage sale. *Dingman*, 859 F. Supp. 2d at 918; *Williams v. Pledged Property II, LLC*, No. 12-1056, slip op. at 5-6 (6th Cir. Dec. 13, 2012); *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Agozzinio*, 273 N.W. 747 (Mich. 1937)).  A plaintiff alleging fraud in federal court must satisfy the pleading requirements of Fed. R. Civ. P. 9(b), which requires plaintiff to "state with particularity the circumstances constituting fraud or mistake."  Under Sixth Circuit authority, a plaintiff satisfies the requirements of Rule 9(b) by (1) pointing to a particular allegedly fraudulent statement; (2) identifying the maker of the statement; (3) pleading when and where the statement was made; and (4) explaining what made the statement fraudulent.  *Public Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 253 (6th Cir. 2012).  Plaintiff does not such thing. Nowhere in the complaint does he indicate when, where, or to whom any allegedly false statement was made.  Under Sixth Circuit authority, "this defect is fatal."  *Id.*

To set aside a sheriff's sale on the ground of irregularity, the irregularity must be present in the foreclosure procedure itself.  *Williams*, slip op. at 6.  Plaintiff alleges no defect or irregularity in the proceedings leading up to the foreclosure sale, beyond the now-discredited theories based on the involvement of MERS.  Significantly, the record in this case (Def. Ex. 4, ID# 163-69) shows compliance with the statutory notice requirements concerning an opportunity to seek a loan

modification under Mich. Comp. Laws § 600.3205a. *See Mitan v. FHLMC*, No. 12-1169, slip op. at 3 (6th Cir. Dec. 13, 2012). Plaintiff's complaint alleges no violation of these statutory prerequisites to a valid foreclosure by advertisement.

A mortgagor in plaintiff's situation may obtain relief from a sale only by alleging facts showing a strong case of fraud or irregularity. Plaintiff has not done so. Count III is insufficient to state a claim for fraud or irregularity with the particularity required by the Federal Rules of Civil Procedure. It therefore fails to state a claim upon which relief can be granted to set aside a sheriff's deed.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's motion to remand (docket # 18) be denied, as this court has subject-matter jurisdiction under 28 U.S.C. § 1332. I further recommend that the motion of defendants MERS and Bank of America, N.A. to dismiss under Fed. R. Civ. P. 12(b)(6) (docket # 13) be granted, as none of the counts in the complaint states a claim for relief under Michigan law.


Dated:   December 14, 2012            /s/  Joseph G. Scoville
                                      United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General

objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).